# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3156 | **DATE** | 5/24/2002 |
| **CASE TITLE** | Stein vs. United Airlines, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] United Airlines' motion for summary judgment is granted with respect to counts II, III and IV as unopposed. The motion is denied as to the ADA claim in count I. Enter Memorandum Opinion and Order.

(11) ☑ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | | 38 |
| | Notified counsel by telephone. | | MAY 28 2002 date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/24/2002 date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOEL STEIN, )
 )
       Plaintiff, )
 )
v. )
 )
UNITED AIRLINES and ) No. 00 C 3156
INTERNATIONAL ASSOCIATION OF )
MACHINIST AND AEROSPACE WORKERS, )
 )
       Defendants. )

DOCKETED
MAY 28 2002

## MEMORANDUM OPINION AND ORDER

Joel Stein sues United Airlines ("United") for age and disability discrimination, retaliatory discharge and promissory estoppel. United moves for summary judgment, and in response to United's motion for summary judgment, Mr. Stein drops all of his claims except for the claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

I.

In February 1993, while Mr. Stein was employed as a ramp serviceman for United, he suffered an on-the-job injury to his lower back and right knee. Between May 1993 and February 1998, Mr. Stein had six surgeries on his knee and back. In May 1994, Mr. Stein applied for social security disability insurance ("SSDI") benefits, stating that "[d]ue to back and leg pain [he was] not able to perform work." Athough his application was initially denied, Mr. Stein appealed and in 1995 he began to receive

benefits, which he was still recieving at the time of his termination from United in 1998.

In July 1994, Mr. Stein went on a two-year extended illness status ("EIS") under the collective bargaining agreement between his union[1] and United. His EIS status was renewed in 1996, and extended again in March 1998. Mr. Stein admits that he was unable to perform work of any kind until early 1998, but claims that as of mid-March 1998, he was "ready, willing and able to work in any job at United that he could perform, given his disability and restrictions," which included unlimited standing, walking, lifting, pushing, pulling, bending, stooping, or kneeling. United terminated Mr. Stein's employment on June 4, 1998, because he could not return to his prior position as a ramp serviceman and because his disability was permanent.

Summary judgment is proper when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

---

[1] His union, the International Association of Machinist and Aerospace Workers, was originally a defendant in this action, but was dismissed pursuant to a stipulation. Minute Order of 6/11/01.

II.

United argues that the ADA claim fails because Mr. Stein was not a "qualified individual with a disability" when he was terminated because he could not perform the "essential functions" of his job. 42 U.S.C. § 12111(8). It points to Mr. Stein's statement at his deposition that, prior to his termination, he had never been "released to return to work in any capacity," and on his statements in 1994, in the course of his application for SSDI benefits, that he was totally unable to work due to his back injury. To counter his deposition testimony, Mr. Stein has submitted an affidavit stating that he was "ready, willing and able" to return to work in mid-March 1998. He argues that he applied for a transfer to many other positions with United, and that he was therefore "qualified" to do his job with the reasonable accommodation of a transfer. United argues that he cannot use an affidavit to manufacture a question of fact by contradicting his deposition testimony that he had never been released to work in any capacity, see Amadio v. Ford Motor Co., 238 F.3d 919, 926 (7th Cir. 2001), but Mr. Stein's affidavit does not actually contradict his deposition. For the purpose of determining whether Mr. Stein was a qualified individual with a disability, the statement that he had never been released to work, Pl's Dep. at 133, is not the same as

3

a statement that he was never actually able to work.[2] If United wanted to elicit testimony specifically about his ability to work at the time of his termination, rather than about whether any doctor had ever cleared him for work, it could have asked the question more directly.

Mr. Stein applied for SSDI benefits in 1994, and in the process of applying, he stated that he was totally unable to work because of his back and knee injuries. He was not terminated until 1998. United asks me to hold Mr. Stein to his statements to the Social Security Administration because he has not sufficiently explained how, despite his statement in his SSDI application that he was "totally unable to work," he is nevertheless able to perform the essential functions of his job with or without reasonable accommodation. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806-07 (1999) (holding that plaintiff's statement in application for SSDI benefits that she is "totally disabled" does not *per se* judicially estop her from bringing a claim under the ADA if she can provide a "sufficient explanation" for the inconsistencies). The Supreme Court noted that one possible explanation is improvement in the plaintiff's condition: "the nature of an individual's disability may change over time, so that

---

[2] Mr. Stein says that a Personnel Representative from United told him that he did not need to obtain a release for return to work before applying for transfer positions, and that he could get medical clearance once he got a job offer. Pl's Aff. ¶34.

4

a statement about that disability at the time of an individual's application for SSDI benefits may not reflect an individual's capacities at the time of the relevant employment decision." *Id.* at 805. United argues that this explanation "does not turn on the distinctions between the two statutory schemes," *Lee v. City of Salem*, 259 F.3d 667, 675 (7th Cir. 2001), but it does: the determination of disability for SSDI benefits is made at the time of the application--here, in 1994--and for the ADA it is made at the time of the relevant employment decision--here, in June 1998.

United suggests that, because Mr. Stein had an ongoing duty to notify the Social Security Administration of an improvement in his condition but did not do so, he should be judicially estopped by his silence. However, there is no evidence that Mr. Stein made any affirmative representations of total disability to the Social Security Administration after 1994; Mr. Stein's silence is at most an evidentiary admission, which "may be controverted or explained by the party," *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 106 F.3d 1388, 1404 (7th Cir. 1997), and which a jury may weigh against other evidence. Mr. Stein has explained that he did not believe that he had to notify the Social Security Administration of his ability to work until he actually found a job, and while ignorance of the law may not be a defense before the Social Security Administration, a jury would be entitled to believe his explanation for the purpose of his ADA claim. *See Pals v. Schepel*

*Buick & GMC Truck, Inc.*, 220 F.3d 495, 498-99 (7th Cir. 2000) (denying judgment as a matter of law because, for purposes of ADA claim, jury was entitled to believe explanation that plaintiff did not understand nature of question he was asked in SSDI application).

If Mr. Stein really was "ready, willing and able to work in any job at United that he could perform" when he was terminated, United argues that he could not have been "disabled" as a matter of law because he would only have been restricted from performing his previous position of ramp serviceman. To demonstrate that he is "substantially limited" in the major life activity of "working," it is not enough for Mr. Stein to show that he was disabled from a particular or specialized job; he must demonstrate that he was "significantly restricted in the ability to perform a class of jobs or a broad range of jobs in various classes." *Webb v. Clyde L. Choate Mental Health & Devel. Ctr.*, 230 F.3d 991, 998 (7th Cir. 2000) (citing 29 C.F.R. § 1630.2(j)). Mr. Stein's statement that he was able to work "in any job at United *that he could perform, given his disability and restrictions*," Pl's Aff ¶ 75 (emphasis added), is not dispositive of this question. In the months before his termination, Mr. Stein had applied for transfers to jobs like Senior Staff Representative for the Ground Crew, Ticket Sales Representative, Customer Service Representative, and Area Account Executive, all reasonably sedentary jobs. Pl's Ex. 8. His

6

restrictions included unlimited standing, walking, lifting, pushing, pulling, bending, stooping, or kneeling, Pl's Ex. 19; a reasonable jury could conclude that he was substantially limited from performing an entire class of more strenuous physical jobs, not just his prior position as ramp serviceman. Mr. Stein has come forward with sufficient evidence to create a question of fact as to whether he was a qualified individual with a disability at the time of his termination.

In reply, United argues that, even if Mr. Stein was a qualified individual with a disability at the time of his termination, he failed to notify United that he was ready to return to work prior to his termination, so United argues that it cannot be held responsible for the failure to reasonably accommodate him. Reasonable accommodation is an "interactive process" in which both the employer and employee must participate. *See Beck v. University of Wisc. Bd. of Regents*, 75 F.3d 1130, 1135 (7th Cir. 1996). Where a plaintiff fails to clarify the extent of his medical restrictions, he is responsible for the breakdown of the "interactive process" and the employer cannot be held liable for a failure to reasonably accommodate. *Steffes v. Stepan Co.*, 144 F.3d 1070, 1072-73 (7th Cir. 1998). However, in assigning responsibility for a breakdown in the interactive process, I "should attempt to isolate the cause of the breakdown and then assign responsibility." *Beck*, 75 F.3d at 1135. Because this argument was raised for the

7

first time in reply, however, it cannot be considered for the purposes of this motion. *United States v. Matchopatow*, 259 F.3d 847, 851 (7th Cir. 2001). Mr. Stein has not had a meaningful opportunity to present evidence about the cause of the breakdown in the interactive process or who should bear responsibility for it, so I will not grant summary judgment on that basis.

### III.

With respects to counts II, III and IV, I GRANT the motion for summary judgment as unopposed. I DENY the motion with respect to the ADA claim in Count I.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 24, 2002